IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LLOYD SACKNOFF, on behalf of himself and similarly situated employees,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>LEHIGH COUNTY,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>No.<br><br>NON-JURY TRIAL |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Lloyd Sacknoff ("Plaintiff"), on behalf of himself and all others similarly situated, bring this lawsuit against Defendant Lehigh County ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.　This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

2.　Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.　Plaintiff is an individual residing in Nazareth, Pennsylvania (Northampton County).

4.　Defendant is a governmental entity, operating pursuant to Pennsylvania law and maintaining a principal place of business at 17 South Seventh Street, Allentown, Pennsylvania 18064 (Lehigh County).

5. Defendant is a public entity covered by the FLSA. *See* 29 U.S.C. § 203(d), (x).

6. Plaintiff was directly employed by Defendant during the relevant time period and, as such, was an employee entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

## FACTS

7. Defendant operates the Lehigh County Juvenile Detention Center ("Detention Center"), which is located in Allentown, Pennsylvania.

8. The Detention Center currently employs approximately 40 non-management employees in the positions of Child Care Worker and Shift Supervisor. These employees are referred to herein as "Center Staff." In particular, Plaintiff was employed by Defendant at the Detention Center on a full-time basis from approximately December 2007 until July 2012 as a Center Staff employee.

9. Plaintiff and other Center Staff generally are scheduled to work a 40-hour workweek consisting of five eight-hour days. In addition, Center Staff often work in excess of their scheduled hours.

10. At any given time, Center Staff are assigned to one of three work shifts: (i) the "First Shift," which includes the scheduled hours from 7:00 a.m.-3:00 p.m.; and (ii) the "Second Shift," which includes the scheduled hours from 3:00 p.m.-11:00 p.m; (iii) the "Third Shift," which includes the scheduled hours from 11 p.m.-7:00 a.m.

11. Center Staff are paid from the start of their shift until the time they are relieved from duty. In other words: Center Staff working the "First Shift" begin getting paid at 7:00 a.m.; Center Staff working the "Second Shift" begin getting paid at 3:00 p.m.; and Center Staff working "Third Shift" begin getting paid at 11:00 p.m.

12. Center Staff are required to be at their assigned post at the start time of their shift.

In other words: Center Staff working the "First Shift" must be at their assigned post no later than 7:00 a.m.; Center Staff working the "Second Shift" must be at their assigned post no later than 3:00 p.m.; and Center Staff working "Third Shift" must be at their assigned post no later than 11:00 p.m.

13. Center Staff are required to attend – and do attend – a daily pre-shift meeting during which, *inter alia*, work posts are assigned, Detention Center policies, procedures, and directives are discussed, and important information concerning Detention Center safety and resident control issues is conveyed. The daily pre-shift meetings are directly related to the Center Staffs' job, are integral and indispensable to the primary duties of the job, and are incorporated into the job's regular working hours.

14. The daily pre-shift meetings are scheduled to commence – and do commence – ten minutes prior to the commencement of the shift. Roll call is taken at the beginning of each daily pre-shift meeting.

15. Attendance at the pre-shift meetings is mandatory.

16. Center Staff do not receive any compensation for time spent attending and participating in the daily pre-shift meetings.

17. At the conclusion of the daily pre-shift meeting, Center Staff are required to report to the Detention Center's Central Control area, where they exchange keys and then proceed to travel to their assigned post for the start of their assigned shift.

18. Center Staff do not receive any compensation for time associated with the exchange of keys and travel to their assigned post.

19. As a result of Defendant's above-described business practices, Center Staff do not receive any compensation (including overtime compensation) for the approximately ten (10)

minutes that expire between their arrival at the daily pre-shift meeting and their arrival at their assigned post for the day.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this FLSA action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Center Staff, as defined in paragraph 8 *supra*, employed by Defendant at the Detention Center during any time since July 18, 2010. These current and former employees are referred to herein as "the Class."

21. Plaintiff and the Class are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, every class member was subjected to and paid pursuant to Defendant's common business practice of failing to compensate Center Staff on a daily basis for the ten minutes of compensable work time between the start of the daily pre-shift meeting and the scheduled beginning of their shift.

## COUNT I
**(Alleging FLSA Violations on Behalf of Plaintiff and the Class)**

22. All previous paragraphs are incorporated as though fully set forth herein.

23. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

24. The compensable workday for Plaintiffs and the Class began at the start of the daily pre-shift meeting, and all subsequent time was compensable work under the FLSA.

25. Defendant violated the FLSA by failing to compensate Uniformed Staff on a daily basis for the ten minutes of compensable work time between the start of the daily pre-shift meeting and the scheduled beginning of their shift. Moreover, where such uncompensated time constituted overtime pay, Defendant failed to pay Plaintiff and the Class the FLSA's mandated

overtime premium.

26. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other class members, seeks the following relief:

A. An order permitting this action to proceed as a collective action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages (including overtime premium wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

Date: July 18, 2013

/s/ Peter Winebrake

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491
asantillo@winebrakelaw.com